UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDER KOSNICKI,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. C13-01002-RAJ<br><br>ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY |

## I. INTRODUCTION

This matter comes before the Court on Petitioner's 28 U.S.C. § 2255 Amended Motion to Vacate, Set Aside, or Correct a Sentence. (Dkt. #15). Petitioner Alexander Kosnicki challenges the 48-month sentence imposed on him by this Court after he pled guilty to one count of possession of Fentanyl with intent to distribute and one count of possession of a firearm by a convicted felon. Petitioner timely brought this petition and now challenges his sentence on the basis of ineffective assistance of counsel. After full consideration of the record, and for the reasons set forth below, Mr. Kosnicki's § 2255 Petition is denied.

## II. BACKGROUND

On October 17, 2012, Mr. Kosnicki pled guilty to one count of possession with intent to distribute, and one count of possession of a firearm by a felon. Case No. CR12-00144-RAJ,

ORDER DENYING § 2255 PETITION - 1

Dkt. #25. Mr. Kosnicki was initially detained by the Seattle Police Department on April 24, 2012 after engaging in narcotic activity with a confidential informant for the Drug Enforcement Administration ("DEA"). Dkt. #17, Ex. E at 2, 8. Following arrest, Mrs. Kosnicki was transported to the DEA's Seattle office. *Id*. at 8. A telephonic search warrant for Mr. Kosnicki's houseboat and vehicle was subsequently issued. *Id*. at 8. Execution of the warrant uncovered large amounts of U.S. currency, as well as what appeared to be Fentanyl, on Mr. Kosnicki's property. *Id*. at 8-9. After Mr. Kosnicki was advised of his *Miranda* rights he agreed to speak with DEA detectives and agents. *Id*. at 9. Mr. Kosnicki then admitted to the possession of firearms. *Id*. The DEA retrieved Mr. Kosnicki's firearms after obtaining his consent. *Id*. In an effort to protect the identity of their confidential informant, the Government's charges against Mr. Kosnicki stemmed from evidence found during execution of their search warrant and information volunteered by Mr. Kosnicki after he was detained. *Id*. at p. 33-34. After Mr. Kosnicki's arrest, attorney Ralph Hurvitz was appointed to represent him. Case No. CR12-00144-RAJ, Dkt. #4.

During his October 17, 2012 change of plea hearing, Magistrate Judge Mary Alice Theiler advised Mr. Kosnicki of the rights he waived by pleading guilty, the charges against him, and the sentencing guidelines. Case No. CR12-00144-RAJ, Dkt. #57. At several points throughout this proceeding, Mr. Kosnicki was asked if he needed additional time to decide whether to plead guilty – Mr. Kosnicki stated that he did not need additional time. Dkt. #17, Ex. B at 8-10, 12, 25. Mr. Kosnicki's guilty plea was accepted on November 5, 2013. Case No. CR12-00144-RAJ, Dkt. #28.

On February 18, 2013, four days before his sentencing hearing, Mr. Kosnicki filed a motion to withdraw his guilty plea. Case No. CR12-00144-RAJ, Dkt. #32. Mr. Kosnicki

ORDER DENYING § 2255 PETITION - 2

claimed ineffective assistance of counsel and identified three bases for withdrawing his plea: 1) Mr. Kosnicki felt pressure to accept his guilty plea as a result of threats made against him by the Government's confidential informant; 2) Mr. Kosnicki's counsel did not investigate the confidential informant's misconduct; and 3) Mr. Kosnicki did not understand the constitutional rights he waived when he pled guilty. *Id*. Consideration of Mr. Kosnicki's motion to withdraw, as well as his sentencing, was continued until March 6, 2013. *Id*.

On March 6, 2013, this Court denied Mr. Kosnicki's motion to withdraw his guilty plea and he was sentenced to 48 months imprisonment. Case No. CR12-00144-RAJ, Dkt. #41. The Court found that Mr. Kosnicki's bases for attempting to withdraw his guilty plea did not demonstrate a "fair and just reason" for withdrawal because the alleged threats against him could not be verified in the audio recordings between him and the confidential informant, Mr. Kosnicki was not able to demonstrate ineffective assistance of counsel, and Mr. Kosnicki could not identify which rights he misunderstood when he pled guilty. Case No. CR12-00144-RAJ, Dkt. #52. New evidence to justify a withdrawal was not presented. Mr. Kosnicki timely appealed his sentence.

On May 16, 2014, the Ninth Circuit affirmed this Court's decision to preclude Mr. Kosnicki from withdrawing his guilty plea. Case No. CR12-00144-RAJ, Dkt. #60. Mr. Kosnicki's ineffective assistance of counsel claim was not reviewed. *Id*.

Before resolution of his direct appeal, Mr. Kosnicki filed a Petition for Writ of Habeas Corpus under 28 U.S.C § 2255. Dkt. #1. Mr. Kosnicki's § 2255 petition was stayed until resolution of his direct appeal. Dkt. #7. Following the Ninth Circuit's decision, Mr. Kosnicki filed an amended § 2255 motion. Dkt. #15. Mr. Kosnicki now seeks an order from this Court vacating his sentence on the basis of ineffective assistance of counsel.

ORDER DENYING § 2255 PETITION - 3

### III. DISCUSSION

A motion under 28 U.S.C. § 2255 permits an in-custody, federal prisoner to collaterally challenge his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States, that the Court lacked jurisdiction to impose the sentence, or that the sentence exceeded the maximum authorized by law. Petitioner challenges his sentence on the ground that he received ineffective assistance of counsel prior to pleading guilty. The Court finds that Petitioner is not entitled to an evidentiary hearing in this matter because the Petition, files, and totality of the record conclusively demonstrate that Mr. Kosnicki is not entitled to relief. *See United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004).

**A. Standard of Review for Ineffective Assistance Claims.**

To establish a claim for ineffective assistance of counsel, Petitioner must prove (1) that counsel's performance was deficient and, (2) that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness to establish deficient performance. *Id.* at 688. A strong presumption exists that counsel was within the range of reasonable assistance. *Id.* at 689. To establish that counsel's performance prejudiced the defense, Petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Mr. Kosnicki claims he received ineffective assistance of counsel in three ways: 1) his counsel did not adequately investigate threats made against him by the Government's confidential informant; 2) his counsel did not investigate, or object to, the Government's use of

ORDER DENYING § 2255 PETITION - 4

statements allegedly obtained in violation of his *Miranda* rights; and 3) his counsel misadvised him about his ability to withdraw a guilty plea.

**B. Counsel's Investigation of Threats Made Against Mr. Kosnicki Was Not Unreasonable.**

Mr. Kosnicki first argues that his counsel was ineffective because he failed to adequately investigate threats made against him by the Government's confidential informant. Mr. Kosnicki claims that had his counsel investigated these allegations he would have been able to determine if "an entrapment defense or other defense was available" to him, and he would not have pled guilty. Dkts. #15 at 13 and #22 at 2. The record does not support this claim.

Defense counsel has a duty "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Included within this duty is the duty to investigate a defendant's "most important defense." *Bragg v. Galaza*, 242 F.3d 1082, 1088 (9th Cir. 2001) (quoting *Sanders v. Ratelle*, 21 F.3d 1443, 1457 (9th Cir. 1994)). When counsel decides not to undertake an investigation, the reasonableness of this decision must be assessed. *Id*. An ineffective assistance of counsel claim fails when counsel is "well-informed," and a defendant does not identify the additional information to be obtained by discovery. *Id*.

Defense counsel's investigation of threats allegedly made by the Government's confidential informant was not unreasonable. Mr. Kosnicki alleges that he informed counsel of the threats made by the confidential informant before he pled guilty. Case No. CR12-00144-RAJ, Dkt. #52 at 9 and 11-12. The record indicates that Mr. Kosnicki's counsel considered this information and decided that entrapment or duress were not viable defenses. Dkt. #17, Ex. C at 4. Counsel's decision was reasonable given the following: 1) Mr. Kosnicki was not charged for

ORDER DENYING § 2255 PETITION - 5

narcotic activity he engaged in with the confidential informant; the charges against him arose after execution of a search warrant on his property; 2) Mr. Kosnicki's prior narcotics activity with the confidential informant undermined the "predisposition" element of an entrapment defense; and 3) a duress defense was unlikely to succeed because Mr. Kosnicki did not surrender to authorities, and one week had lapsed between the date of the alleged threats and Mr. Kosnicki's arrest.  Not only does Mr. Kosnicki fail to demonstrate that counsel did not investigate his "most important defense," he also does not identify what additional information his counsel failed to discover.

Even if counsel had failed to adequately investigate Mr. Kosnicki's claims, Mr. Kosnicki has not demonstrated how counsel's actions prejudiced him.  At his March 6, 2013 hearing before this Court, Mr. Kosnicki acknowledged that the confidential informant's threats did not influence his decision to plead guilty.  Case No. CR12-144-RAJ, Dkt. #52 at 8.  What's more, the recordings between the confidential informant and Mr. Kosnicki, which Mr. Kosnicki claims "could have placed the whole case in such a different light," do not contain audible threats.  Dkts. #15 at 20 and # 17, Ex. D.  Notably, even if the audio tapes contained audible threats, for the reasons outlined above, it was not unreasonable for counsel to decide that no defense was supported by them.

**C. Counsel's Failure to Investigate and File a Motion to Suppress Evidence Was Not Unreasonable.**

Mr. Kosnicki next claims ineffective assistance of counsel because his counsel did not investigate, or move to suppress, statements made after Mr. Kosnicki's invocation of right to counsel was allegedly ignored.  Dkt. #15 at 6-7.  Mr. Kosnicki claims that he would not have pled guilty had his counsel challenged the Government's use of these statements.  *Id*. at 22.

ORDER DENYING § 2255 PETITION - 6

The Court does not agree that counsel's alleged failure to investigate, or his failure to move to suppress, Mr. Kosnicki's "uncounseled" statements amounts to ineffective assistance of counsel. Counsel's failure to investigate claims raised for the first time in this Petition was not unreasonable. The record indicates that following arrest Mr. Kosnicki was transported to the DEA office in Seattle where he was read his *Miranda* Rights. Dkt. #17, Ex. E at 9. Mr. Kosnicki does not allege, and the record does not indicate, that an invocation of the right to counsel was made after Mr. Kosnicki was informed of these rights. *Id*.; Dkt. #16 at 4-9. The record indicates that Mr. Kosnicki agreed to speak with detectives and agents after acknowledging that he understood his *Miranda* rights. Dkt. #17, Ex. E at 9. The record further indicates that Mr. Kosnicki did not inform his counsel of his alleged attempt to invoke his right to counsel. Dkt. #16 at 5-9. In fact, Mr. Kosnicki appears to have cooperated with authorities based on his belief that he was helping them "set up" their confidential informant. Dkt. #16 at 5. He also admitted to counsel that statements he made during his interrogation were not coerced. Dkt. #17, Ex. C at 4.

Given Mr. Kosnicki's statements to counsel, information contained in the police reports, as well as Mr. Kosnicki's self-admitted desire to cooperate with law enforcement officials, counsel's decision not to file a motion to suppress was also not unreasonable. It is not unreasonable for counsel to decide against filing motions that clearly lack merit. *U.S. v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991). During a custodial interrogation, a person who invokes their right to counsel cannot be subjected to further interrogation "unless the accused himself initiates further communication, exchanges, or conversations with the police." *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981). The record does not support the contention that Mr. Kosnicki's admissions were taken in violation of his *Miranda* rights. Mr. Kosnicki claims he

ORDER DENYING § 2255 PETITION - 7

invoked his right to counsel following his initial arrest by the Seattle Police Department. Dkt. #15 at 22. However, the record indicates that Mr. Kosnicki was not interrogated or interviewed by his arresting officers. Dkt. #17, Ex. E at 2 and 8. Furthermore, once he was transported to the DEA's office, Mr. Kosnicki was read his *Miranda* rights and he agreed to speak with the DEA agents. Dkt. #17, Ex. E at 9. Given Mr. Kosnicki's actions, a motion to suppress his admissions was unlikely to succeed.

### D. Mr. Kosnicki Was Properly Advised of His Right to Withdraw a Guilty Plea.

Finally, Mr. Kosnicki argues that he would not have pled guilty had his counsel correctly advised him of his ability to withdraw a guilty plea. Dkt. #15 at 23-24. The record contradicts this assertion. At his change of plea hearing, Mr. Kosnicki did not say anything to indicate that he believed his plea was revocable at any time. In fact, when asked, Mr. Kosnicki indicated that no promises, other than those contained in his plea agreement, were made to him in return for pleading guilty. Case No. CR12-00144-RAJ, Dkt. #57 at 24.

Even if Mr. Kosnicki presented evidence to support this allegation, the record does not support a finding of prejudice. Mr. Kosnicki cannot demonstrate prejudice because the record does not indicate that he placed significant weight on his ability to withdraw a guilty plea when he pled guilty. At his change of plea hearing, Mr. Kosnicki did not say anything to indicate the significance he placed on his ability to withdraw his guilty plea. When asked by Judge Theiler if he had any questions concerning his plea agreement, Mr. Kosnicki did not raise concerns about his ability to withdraw a plea agreement. *Id*. at 25. Mr. Kosnicki has therefore not presented sufficient evidence to find a "reasonable probability" that but for his counsel's alleged misadvice, he would not have pled guilty.

ORDER DENYING § 2255 PETITION - 8

## IV. CONCLUSION

The Court, having considered Petitioner's motion, Respondent's response thereto, Petitioner's Reply, and the remainder of the record, hereby finds and ORDERS:

1) Petitioner's 28 U.S.C. § 2255 motion (Dkt. #15) is DENIED.

2) The Clerk of the Court is directed to forward a copy of this Order to Petitioner and all counsel of record.

3) This matter is now closed.

DATED this 24th day of February, 2016.

_____
The Honorable Richard A. Jones
United States District Court